LANIER, Judge.
This is an appeal from a judgment which adjudicated a juvenile a delinquent and ordered him committed to the custody of the Louisiana Department of Public Safety and Corrections (LDPSC) for a period of two years.
PROCEDURAL FACTS
On May 4, 1985, Richard Kemp, a juvenile, was taken into custody for being a delinquent child in East Baton Rouge Parish, Louisiana. On May 6, 1985, counsel was appointed to represent Kemp and a hearing was held to determine if Kemp should be continued in custody. After the hearing, Kemp was continued in custody and his bond was fixed at $50,000. On May 8,1985, the State filed .a petition alleging that Kemp was a delinquent child for committing the offense of illegal use of a weapon on May 4, 1985, in violation of La.R.S. 14:94. On May 10, 1985, Kemp, through his appointed counsel, denied the allegations of the petition. The court then assigned the case for an adjudicatory trial on June 21, 1985.
On June 21, 1985, Kemp, in the presence of counsel, withdrew his previous answer to the petition and entered an answer ad *910 mitting the allegations of the petition. The court accepted the answer, adjudicated the juvenile a delinquent child and fixed a dis-positional hearing for July 22, 1985. At this proceeding, Kemp admitted under oath that the following things happened:
At approximately 16:12 hours on 5-4-85, officer arrived in the 2400 block of Beech, relative to shots fired. Upon arrival, he contacted the complainant who advised officer that he had seen two subjects, identified as Richard Kemp and Shun Beardon, firing shots into the air from 'pistols. Complainant advised officer that the Richard Kemp subject had what appeared to be a short barrelled revolver and that Shun Beardon subject appeared to have a long barrelled revolver. The complainant advised officer that the subjects fired numerous shots into the air, walking up and down the 2400 block of Beech Street. Officer noted there were numerous children in the area around where the shots were fired. Officer was advised by the complainant that he was afraid one of the stray bullets would strike himself or one of the children. He also talked to another witness who also stated that he had seen Richard Kemp and Shun Beardon firing shots into the air. He located the two subjects at 2405 Beech. They were placed under arrest.
On July 22, 1985, at the commencement of the dispositional hearing, counsel for Kemp advised the court as follows:
Your honor, this juvenile has just informed me, at this time, prior to sentencing, that he wants to contemplate withdrawing his previously entered plea of admitting the allegations of the ...
The court did not allow the withdrawal of the answer admitting the allegations of the petition. The court then recited the following factors that he considered in fixing the disposition:
The record reflects that this juvenile has prior referrals to this Court. He was placed in the custody of Mrs. Jarvis under a neglect petition. He’s been placed on an Informal Adjustment Agreement for carrying a concealed weapon. He’s been counselled and warned for misdemeanor theft. He’s been counselled and warned for trespassing on school grounds. He was — as a result of a plea bargain, the charge of theft and trespassing was dismissed. He had been placed on a six month suspended commitment to the Department of Corrections and placed on supervised probation in connection with misdemeanor theft and a no-bill charge as to simple burglary. He has charges of burglary and theft pending against him. He was promoted to the tenth grade this past school term and was enrolled at South Scotlandville Alternative School, maintained average grades. He continues to associate with other delinquent youngsters and this has led to his present problems. He’s never held a job for the past several months. He denies any drug use. He’s been detained twice, once for carrying a concealed weapon and the current for his present offense. He’s sixteen years old and continues to get involved in criminal acts and despite the intervention of the Court and the attempt to utilize the Court facilities and staff to correct his behavior, it seems to have been without result.
The court then ordered that Kemp be committed to the custody of LDPSC for a period not to exceed two years, with credit for time served from May 4, 1985. A formal judgment to this effect was signed on July 24, 1985.
The motion and order for this appeal was filed on July 31, 1985. The motion and order did not direct that the effect of the judgment of disposition would be suspended. La.CJ.P. art. 103.
VACATION OF ADJUDICATION
Kemp asserts in his only assignment of error that “[t]he juvenile trial court erred when it refused to allow Richard Kemp to withdraw his guilty plea.” Specifically, Kemp contends La.C.J.P. art. 77 is not applicable to this case, the Code of Criminal Procedure is applicable (particularly Article *911 559 thereof) in the absence of a provision in the Code of Juvenile Procedure and he timely moved to withdraw his guilty plea prior to sentencing. In the alternative, Kemp contends that, if La.C.J.P. art. 77 is applicable, the procedure established therein was not followed. Kemp requests this court to “vacate his sentence and remand this matter back to the juvenile court to determine the merits of appellant’s motion to withdraw his guilty plea.”
Initially, we note that Kemp did not enter a guilty plea; he answered the State’s petition and admitted the allegations contained therein. La.C.J.P. art. 55. Kemp has not alleged errors in this procedure. La.C.J.P. art. 53 et seq. After Kemp answered the petition and admitted its allegations, the juvenile trial court determined that there was a factual basis for adjudication. La.CJ.P. art. 55(B). Thereafter, pursuant to La.C.J.P. art. 76(A), the juvenile trial court accepted Kemp’s answer and admissions and, by implication, determined that the facts warranted the requested adjudication of delinquency. No objection has been made to this ruling. Kemp does not contend that there were errors in the statement of facts upon which the adjudication was made.
Once an adjudication is lawfully entered (as in the instant case), it can only be vacated in accordance with La.C.J.P. art. 77 which provides as follows:
A. On motion of the child, an adjudication shall be vacated and a new adjudication hearing ordered if, after contradictory hearing, the court finds that:
(1) The adjudication was obtained by fraud or mistake sufficient to justify vacating the adjudication;
(2) The court making the adjudication lacked jurisdiction; or
(3) New evidence not previously discoverable by due diligence requires vacating the adjudication in the interest of justice.
A motion to vacate based upon Subpar-agraph (3) must be brought within one (1) year of the adjudication.
B. In the interest of justice, the court may vacate an adjudication prior to disposition.
In the juvenile trial court and in this court, Kemp has not alleged (or proved) fraud, mistake, lack of jurisdiction or new evidence. Such claims are necessary to trigger a contradictory hearing under paragraph (A) of Article 77.
Under paragraph (B) of Article 77, the court can vacate an adjudication prior to disposition if it is in the interest of justice to do so. No contradictory hearing is required for such a ruling.
No reason has been given for withdrawing the answer and admissions, except that the juvenile just wanted to do so. While such a feeling may occur when a juvenile is facing imminent disposition, it does not constitute a legal reason, and the interest of justice does not require an accommodation. Indeed, to accommodate such a feeling would only serve to delay the proceedings. Because Kemp did not assert any semblance of a valid reason for vacating the adjudication and because paragraph (B) of Article 77 does not require a contradictory hearing, the juvenile trial court did not commit error by summarily denying the motion.[1]
DECREE
For the foregoing reasons, the adjudication of delinquency and the disposition are affirmed.
AFFIRMED.

. Kemp prays that the "sentence” be set aside, not the adjudication. He then requests a remand to determine the "merits” of his "motion to withdraw his guilty plea.”